IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN HAWK,

      Plaintiff,

  vs.

ED ALAMEIDA, et. al.,

      Defendants.

No. CIV S-04-0731 MCE CMK P

ORDER

/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 20, 2004, plaintiff's complaint was dismissed with leave to file an amended complaint. On January 18, 2005, plaintiff filed another complaint.[1] This complaint is identical to plaintiff's earlier complaint dismissed by the court.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Plaintiff did not call his new complaint an "Amended Complaint."

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the

1 requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court
2 will grant plaintiff leave to file a second amended complaint. However, plaintiff's second
3 amended complaint must be no more than thirty pages.
4       Regarding plaintiff's Eighth Amendment claim, plaintiff must satisfy a two-part
5 test. First, the plaintiff must prove that objectively he suffered a sufficiently serious deprivation.
6 Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the plaintiff must prove that subjectively
7 each defendant acted with deliberate indifference in allowing or causing the prisoner's
8 deprivation to occur. Id. at 299.
9       In addition, plaintiff's must demonstrate that the defendant's had specific
10 knowledge or a culpable state of mind to support his failure to protect claim.
11       If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate
12 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
13 rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint
14 must allege in specific terms how each named defendant is involved. There can be no liability
15 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
16 actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
17 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
18 Furthermore, vague and conclusory allegations of official participation in civil rights violations
19 are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
20       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
21 order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that
22 an amended complaint be complete in itself without reference to any prior pleading. This is
23 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
24 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the
25 original pleading no longer serves any function in the case. Therefore, in a second amended
26 complaint, as in an original complaint, each claim and the involvement of each defendant must

be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint filed January 18, 2005, is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

3. Plaintiff's second amended complaint must be no more than thirty pages in length.

DATED: April 22, 2005

/s/   **CRAIG M. KELLISON**
Craig M. Kellison
UNITED STATES MAGISTRATE JUDGE