IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN HAWK,   No. CIV S-04-0731-MCE-CMK-P

    Plaintiff,

  vs.   ORDER

ALAMEIDA, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 17), filed on August 30, 2005.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
3  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
5  must allege with at least some degree of particularity overt acts by specific defendants which
6  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
7  is impossible for the court to conduct the screening required by law when the allegations are
8  vague and conclusory.

## I. BACKGROUND

Plaintiff names the following as defendants: Alameida; Runnels; Cook; Ingwerson; Howard; Perry; Swartz; Correa; and Chettam.  Defendants Alameida and Runnels are supervisory personnel.  Plaintiff states that, on October 10, 2002, he was issued a "general counseling chrono" indicating that he was not in compliance with the prison's grooming regulations.  Plaintiff claims that this "chrono" contained false information.  The same day, plaintiff filed an inmate grievance concerning the allegedly false information in the "chrono," and asked that the "chrono" be removed from his file because the grooming regulations violate his religious beliefs.  Plaintiff states that, on October 14, 2002, he spoke with defendant Cook regarding the "chrono."  Plaintiff states that, during this conversation, he informed defendant Cook about a court injunction entered in favor of prisoners at California State Prison, Solano, which forbids enforcement of the grooming regulations.  Plaintiff claims that defendant Cook stated that no change in policy would be considered until and unless an injunction was issued in favor of inmates at plaintiff's institution (High Desert State Prison).

Plaintiff claims that, on October 16, 2002, he was charged with a rules violation based on non-compliance with the grooming standards.  Plaintiff reported to the "program office" on October 26, 2002, for a hearing on the rules violation.  When asked for reasons why

he refused to comply with the grooming regulations, plaintiff stated the following: (1) he has a sincere belief, founded in Native American religious practices, barring him from cutting his hair unless a relative dies; (2) grooming tools supplied to prisoners are causing injuries, including drawing blood, which exposes inmates to blood-borne pathogens; (3) prison barbers were not adequately trained in blood-borne pathogens and how to prevent infection; (4) the injunction issued in favor of prisoners at the California State Prison, Solano, barred enforcement of the grooming regulations; (5) the grooming regulations were not being applied equally among prisoners; and (6) the prison has an obligation to protect inmates from blood-borne pathogens and to allow for religious freedom. Plaintiff states that he was found "not guilty" of the rules violation, which was dismissed. Plaintiff indicates that defendant Cook approved this result.

Next, plaintiff claims that, on October 26, 2002, a fight broke out among white and Asian inmates, which groups were subsequently placed on lock-down. Plaintiff states that, even though he is a Native American, he was also placed on lock-down because his cellmate is white. Plaintiff alleges that he was told by defendant Correa that, as long as he was housed with a white inmate, he would also be subject to the lock-down. Plaintiff states that defendant Correa told him that this directive came from defendants Perry, Cook, and Runnels. Plaintiff alleges that he learned from another Native American inmate that, in fact, plaintiff was being singled out because he refused to comply with the grooming regulations. Plaintiff asserts that this other inmate also observed that other Native American inmates housed with white inmates were not on lock-down, and that only plaintiff was being treated differently. Plaintiff states that he filed an inmate grievance concerning his lock-down, but that prison officials never responded.

Plaintiff alleges that, on October 29, 2002, defendant Swartz issued another rules violation report against plaintiff based on the grooming regulations. Plaintiff claims that, as with the prior rules violation report, this one was also based on false information. A hearing on the rules violation was conducted by defendant Howard on November 10, 2002. Plaintiff states that the prison staff assigned to assist him with the hearing failed to obtain necessary documents that

plaintiff had requested.  Plaintiff also states that the witnesses he had requested were not present at the hearing.  After providing defendant Howard with the same responses he gave at the prior rules violation hearing, defendant Howard found plaintiff guilty of the rules violation.  Plaintiff was punished by having his recreational time taken away.

Plaintiff claims that, on November 11, 2002, he was called to a meeting with defendants Swartz and Chettam about plaintiff's refusal to comply with the grooming regulations.  Plaintiff continued to refuse to comply with the grooming regulations and plaintiff was charged with yet another rules violation based on his refusal to cut his hair.  Plaintiff states that, on January 3, 2003, the rules violation was re-heard by defendant Ingwerson.  Plaintiff states that he was permitted for the first time to call witnesses and present evidence, though plaintiff claims that he was not allowed to present evidence concerning ineffectiveness of disinfectants used on barber equipment.  Plaintiff claims that he was again found guilty of a rules violation and that he lost 30 days good-time credits and was denied yard time for 30 days as a result.

Plaintiff seeks a determination that the grooming regulations are unconstitutional, and an injunction barring enforcement of the grooming regulations.  Plaintiff also seeks compensatory and punitive damages.

## II.  DISCUSSION

Plaintiff's second amended complaint alleges claims based on free exercise of religion, deliberate indifference to serious health risks, equal protection, due process, and/or retaliation.  As against defendant Alameida, however, the complaint does not set forth his personal involvement sufficient to state a claim based on a theory of supervisory liability.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of

1  subordinates if the supervisor participated in or directed the violations, or knew of the violations
2  and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the
3  causal link between him and the claimed constitutional violation must be specifically alleged.
4  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
5  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory
6  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d
7  266, 268 (9th Cir. 1982).

8  Plaintiff will be given an opportunity to amend the complaint to either state a
9  claim against defendant Alameida based on the foregoing standards, or to omit defendant
10 Alameida entirely.  Because the complaint otherwise appears to state a cognizable claim for
11 relief, if plaintiff's amended complaint omits defendant Alameida, this action can proceed as
12 against the remaining defendants.

### III.  CONCLUSION

15 Because it is possible that the deficiencies identified in this order may be cured by
16 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
17 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
18 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
19 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
20 amend, all claims alleged in the original complaint which are not alleged in the amended
21 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
22 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
23 plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
24 be complete in itself without reference to any prior pleading.  See id.

25 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
26 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

1  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
2  each named defendant is involved, and must set forth some affirmative link or connection
3  between each defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S.
4  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
5  740, 743 (9th Cir. 1978).

6        Finally, plaintiff is warned that failure to file an amended complaint within the
7  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
8  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
9  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
10 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

11       Accordingly, IT IS HEREBY ORDERED that:

12       1.  Plaintiff's second amended complaint, filed on August 30, 2005, is
13 dismissed with leave to amend; and

14       2.  Plaintiff shall file a third amended complaint within 30 days of the date of
15 service of this order.

17 DATED:  November 3, 2005.

19                                       **CRAIG M. KELLISON**
20                                       UNITED STATES MAGISTRATE JUDGE