1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SHAWN HAWK,                              No. CIV S-04-0731-MCE-CMK-P

12              Plaintiff,

13        vs.                                 <u>ORDER</u>

14   ALAMEIDA, et al.,

15              Defendants.

16   _____/

17            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's third amended complaint (Doc. 21),

19   filed on December 30, 2005.

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).

23            Plaintiff names the following as defendants: Alameida; Runnels; Cook;

24   Ingwerson; Howard; Perry; Swartz; Correa; and Chettam.  Defendants Alameida and Runnels are

25   supervisory personnel.  Plaintiff states that, on October 10, 2002, he was issued a "general

26   counseling chrono" indicating that he was not in compliance with the prison's grooming

1

regulations.  Plaintiff claims that this "chrono" contained false information.  The same day, plaintiff filed an inmate grievance concerning the allegedly false information in the "chrono," and asked that the "chrono" be removed from his file because the grooming regulations violate his religious beliefs.  Plaintiff states that, on October 14, 2002, he spoke with defendant Cook regarding the "chrono."  Plaintiff states that, during this conversation, he informed defendant Cook about a court injunction entered in favor of prisoners at California State Prison, Solano, which forbids enforcement of the grooming regulations.  Plaintiff claims that defendant Cook stated that no change in policy would be considered until and unless an injunction was issued in favor of inmates at plaintiff's institution (High Desert State Prison).

Plaintiff claims that, on October 16, 2002, he was charged with a rules violation based on non-compliance with the grooming standards.  Plaintiff reported to the "program office" on October 26, 2002, for a hearing on the rules violation.  When asked for reasons why he refused to comply with the grooming regulations, plaintiff stated the following: (1) he has a sincere belief, founded in Native American religious practices, barring him from cutting his hair unless a relative dies; (2) grooming tools supplied to prisoners are causing injuries, including drawing blood, which exposes inmates to blood-borne pathogens; (3) prison barbers were not adequately trained in blood-borne pathogens and how to prevent infection; (4) the injunction issued in favor of prisoners at the California State Prison, Solano, barred enforcement of the grooming regulations; (5) the grooming regulations were not being applied equally among prisoners; and (6) the prison has an obligation to protect inmates from blood-borne pathogens and to allow for religious freedom.  Plaintiff states that he was found "not guilty" of the rules violation, which was dismissed.  Plaintiff indicates that defendant Cook approved this result.

Next, plaintiff claims that, on October 26, 2002, a fight broke out among white and Asian inmates, which groups were subsequently placed on lock-down.  Plaintiff states that, even though he is a Native American, he was also placed on lock-down because his cellmate is white.  Plaintiff alleges that he was told by defendant Correa that, as long as he was housed with

1   a white inmate, he would also be subject to the lock-down.  Plaintiff states that defendant Correa

2   told him that this directive came from defendants Perry, Cook, and Runnels.  Plaintiff alleges

3   that he learned from another Native American inmate that, in fact, plaintiff was being singled out

4   because he refused to comply with the grooming regulations.  Plaintiff asserts that this other

5   inmate also observed that other Native American inmates housed with white inmates were not on

6   lock-down, and that only plaintiff was being treated differently.  Plaintiff states that he filed an

7   inmate grievance concerning his lock-down, but that prison officials never responded.

8            Plaintiff alleges that, on October 29, 2002, defendant Swartz issued another rules

9   violation report against plaintiff based on the grooming regulations.  Plaintiff claims that, as with

10   the prior rules violation report, this one was also based on false information.  A hearing on the

11   rules violation was conducted by defendant Howard on November 10, 2002.  Plaintiff states that

12   the prison staff assigned to assist him with the hearing failed to obtain necessary documents that

13   plaintiff had requested.  Plaintiff also states that the witnesses he had requested were not present

14   at the hearing.  After providing defendant Howard with the same responses he gave at the prior

15   rules violation hearing, defendant Howard found plaintiff guilty of the rules violation.  Plaintiff

16   was punished by having his recreational time taken away.

17            Plaintiff claims that, on November 11, 2002, he was called to a meeting with

18   defendants Swartz and Chettam about plaintiff's refusal to comply with the grooming

19   regulations.  Plaintiff continued to refuse to comply with the grooming regulations and plaintiff

20   was charged with yet another rules violation based on his refusal to cut his hair.  Plaintiff states

21   that, on January 3, 2003, the rules violation was re-heard by defendant Ingwerson.  Plaintiff

22   states that he was permitted for the first time to call witnesses and present evidence, though

23   plaintiff claims that he was not allowed to present evidence concerning ineffectiveness of

24   disinfectants used on barber equipment.  Plaintiff claims that he was again found guilty of a rules

25   violation and that he lost 30 days good-time credits and was denied yard time for 30 days as a

26   result.

1    As to defendant Alameida, plaintiff claims that he informed him of the foregoing

2  in the form in inmate appeal, but that defendant Alameida did nothing.

3    Plaintiff seeks a determination that the grooming regulations are unconstitutional,

4  and an injunction barring enforcement of the grooming regulations.  Plaintiff also seeks

5  compensatory and punitive damages.

6    The third amended complaint appears to state a cognizable claim for relief

7  pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff

8  has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds

9  that service is appropriate and will direct service by the U.S. Marshal without pre-payment of

10  costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff

11  complies with this order.  Plaintiff is warned that failure to comply with this order may result in

12  dismissal of the action.  See Local Rule 11-110.

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.    Service is appropriate for the following defendant(s):

15    ALAMEIDA;

16    RUNNELS;

17    COOK;

18    INGWERSON;

19    HOWARD;

20    PERRY;

21    SWARTZ;

22    CORREA; and

23    CHETTAM;

24    2.    The Clerk of the Court shall send plaintiff one USM-285 form for each

25  defendant identified above, one summons, an instruction sheet, and a copy of the third amended

26  complaint filed December 30, 2005; and

1          3.      Within 30 days of the date of service of this order, plaintiff shall complete

2    the attached Notice of Submission of Documents and submit the following documents to the

3    court:

4                        a.      The completed Notice of Submission of Documents;

5                        b.      One completed summons;

6                        c.      Nine completed USM-285 form(s); and

7                        d.      Ten copies of the endorsed third amended complaint filed
                                 December 30, 2005.

8

9
     DATED:   May 23, 2006.
10

11

12                                               CRAIG M. KELLISON
                                                 UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

5

1

2

3

4

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

6  SHAWN HAWK,                            No. CIV S-04-0731-MCE-CMK-P
          Plaintiff,
7          vs.
   ALAMEIDA, et al.,
8          Defendants.

9  _____/

10                    NOTICE OF SUBMISSION OF DOCUMENTS
          Plaintiff hereby submits the following documents in compliance with the court's
11  order:
              __1__        completed summons form;
12            _____        completed USM-285 form(s); and
              _____        copies of the third amended complaint filed on December 30,
13                         2005.

14  DATED: _____            _____
                                          Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26