1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 SHAWN HAWK,                                No. CIV S-04-0731-MCE-CMK-P

12                   Plaintiff,

13         vs.                                       ORDER

14 COOK, et al.,

15                   Defendants.

16 _____/

17         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18 to 42 U.S.C. § 1983.  Pending before the court is plaintiff's fourth amended complaint (Doc. 61).

19 The court is required to screen complaints brought by prisoners seeking relief against a

20 governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

1

# I. PLAINTIFF'S ALLEGATIONS

In the fourth amended complaint, plaintiff names the following as defendants: Grannis; Evans; Felker; Cook; Ingwerson; Perry; Swartz; and Chettam.[1]

Plaintiff states that, on October 10, 2002, defendant Swartz issued a "general counseling chrono" indicating that plaintiff was not in compliance with the prison's grooming regulations. Plaintiff claims that this "chrono" contained false information. The same day, plaintiff filed an inmate grievance concerning the allegedly false information in the "chrono," and asking that the "chrono" be removed from his file because the grooming regulations violate his religious beliefs. Plaintiff states that, on October 14, 2002, he spoke with defendant Cook regarding the "chrono." Plaintiff states that, during this conversation, he informed defendant Cook about a court injunction entered in favor of prisoners at California State Prison, Solano, which forbids enforcement of the grooming regulations. Plaintiff claims that defendant Cook stated that no change in policy would be considered until and unless an injunction was issued in favor of inmates at plaintiff's institution (High Desert State Prison).

Plaintiff claims that, on October 16, 2002, defendant Swartz charged him with a rules violation based on non-compliance with the grooming standards. Plaintiff reported to the "program office" on October 26, 2002, for a hearing on the rules violation. When asked for reasons why he refused to comply with the grooming regulations, plaintiff stated the following: (1) he has a sincere belief, founded in Native American religious practices, barring him from cutting his hair unless a relative dies; (2) grooming tools supplied to prisoners are causing injuries, including drawing blood, which exposes inmates to blood-borne pathogens; (3) prison barbers were not adequately trained in blood-borne pathogens and how to prevent infection; (4) the injunction issued in favor of prisoners at the California State Prison, Solano, barred

---

[1]     For the reasons discussed below, this action may only properly proceed as against defendants Cook, Ingwerson, Perry, Swartz, and Chettam. Therefore, the court will discuss the facts alleged as they relate to these five individuals only.

1  enforcement of the grooming regulations; (5) the grooming regulations were not being applied

2  equally among prisoners; and (6) the prison has an obligation to protect inmates from blood-

3  borne pathogens and to allow for religious freedom.  Plaintiff states he was found "not guilty" of

4  the rules violation, which was dismissed.  Plaintiff indicates that defendant Cook approved this

5  result.

6          Plaintiff alleges that, on October 29, 2002, defendant Swartz issued another rules

7  violation report against plaintiff based on the grooming regulations.  Plaintiff claims that, as with

8  the prior rules violation report, this one was also based on false information.  A hearing on the

9  rules violation was conducted by Howard on November 10, 2002.  Plaintiff states that the prison

10  staff assigned to assist him with the hearing failed to obtain necessary documents that plaintiff

11  had requested.  Plaintiff also states that the witnesses he had requested were not present at the

12  hearing.  After providing Howard with the same responses he gave at the prior rules violation

13  hearing, Howard found plaintiff guilty of the rules violation.  Plaintiff was punished by having

14  his recreational time taken away.  Plaintiff asserts this result was reviewed by defendant Cook,

15  who chose to take no corrective action.

16          Plaintiff claims that, on November 11, 2002, he was called to a meeting with

17  defendants Swartz and Chettam about plaintiff's refusal to comply with the grooming

18  regulations.  Plaintiff continued to refuse to comply with the grooming regulations and, on

19  November 19, 2002, plaintiff was charged with yet another rules violation based on his refusal to

20  cut his hair.  Plaintiff states that a hearing on this rules violation was initially conducted by

21  Howard on December 8, 2002, and later re-heard by defendant Ingwerson on January 3, 2003.

22  Plaintiff states that he was permitted for the first time to call witnesses and present evidence,

23  though plaintiff claims that he was not allowed to present evidence concerning ineffectiveness of

24  disinfectants used on barber equipment.  Plaintiff claims that he was again found guilty of a rules

25  violation and that he lost 30 days good-time credits and was denied yard time for 30 days as a

26  result.

1    Plaintiff claims the conduct of defendants violated his rights to equal protection

2    "in that female prisoners were permitted to grow their hair to any length while male prisoners

3    were limited, without cause and under threat of punishment, to hair no longer than three (3)

4    inches."  He also claims defendants denied him due process with respect to the prison

5    disciplinary process.  Finally, he asserts defendants' conduct violated the Eighth Amendment "in

6    that Defendants were advised of the health risks and potential for transfer of blood borne

7    pathogens, and knowing this, persisted in their efforts to force Plaintiff to expose himself to said

8    risks by means of institutional disciplinary action and misrepresentation of the health risks

9    Defendants knew to be false."

10    Plaintiff has not presented any allegations as against Perry.[2]

11

12    **II.  DISCUSSION**

13    Plaintiff filed his fourth amended complaint pursuant to the court's May 25, 2007,

14    order.  The order specifically stated that the scope of permissible amendment was set forth in the

15    court's April 18, 2007, findings and recommendations.  In those findings and recommendations,

16    the court concluded that the only surviving claims were based on denial of equal protection,

17    denial of due process, and violation of the Eighth Amendment.[3]  In particular, the court identified

18    the following claims alleged in the third amended complaint:

19    Plaintiff, who is a Native American, raises the following
    claims: (1) prison grooming regulations requiring him to cut his hair

20    violate his First Amendment right to free exercise of religion; (2) prison
    grooming regulations are not being enforced equally, in violation of his

21    equal protection rights; (3) he was placed on lock-down in retaliation for
    refusing to cut his hair; (4) prison barber equipment exposed him to an

22

23    [2]    The third amended complaint contained allegations concerning Perry in
    connection with a riot that broke out on October 26, 2002, and a subsequent lock-down order

24    issued by Perry.  The fourth amended complaint contains no allegations relating to the fight or
    lock-down order.

25

26    [3]    In their motion to dismiss the third amended complaint, defendants did not
    challenge plaintiff's due process or Eighth Amendment claims.

4

1       impermissible health risk in violation of the Eighth Amendment; and (5)
    he was not provided the opportunity to present witnesses or evidence at his
2       disciplinary hearings in violation of his due process rights.  In addition,
    plaintiff asserts that defendants Runnels and Alameida are liable
3       supervisory personnel.

4   As to plaintiff's equal protection claim, the court stated:

5           To the extent plaintiff's [third amended] complaint raises
    an equal protection claim, it must be based on plaintiff's conclusory
6       allegation that the grooming regulations are not being enforced equally.  It
    is possible that this related to plaintiff's contention that he was told that,
7       even though the grooming regulations were not being enforced at another
    prison, they would continue to be enforced at his prison.  Defendants argue
8       that plaintiff has not alleged sufficient facts to state an equal protection
    claims.  The court agrees.  Specifically, plaintiff has not alleged intentional
9       discrimination . . . based on race or religion, nor has he alleged that . . .
    disparate treatment does not relate to a legitimate penological interest.

10

11  The court concluded that plaintiff's retaliation claim had not been exhausted and that plaintiff's

12  free exercise claim was foreclosed as a matter of law.  The court also concluded that plaintiff

13  should not be allowed to name any new defendants.[4]

14          Having carefully reviewed the fourth amended complaint in light of the scope of

15  permissible amendment, the court concludes that plaintiff has stated claims based on: (1) denial

16  of due process; and (2) violation of the Eighth Amendment.  Plaintiff has not, however, stated a

17  claim based on denial of equal protection.  In particular, the fourth amended complaint continues

18  to suffer from the defect identified above in this regard – plaintiff does not allege discrimination

19

20          [4]   In the third amended complaint, plaintiff named the following as defendants:
Alameida; Runnels; Cook; Ingwerson; Howard; Perry; Swartz; Correa; and Chettam.  Defendant
Howard is deceased and has been dismissed from this action.  All other defendants except Cook
21  and Chettam have appeared.  Defendants Cook and Chettam have not been served.
        In the fourth amended complaint, plaintiff names:  Grannis; Evans; Felker; Cook;
22  Ingwerson; Perry; Swartz; and Chettam.  He no longer names Alameida, Runnels, or Correa.  As
to Evans, Felker, and Grannis – who are now named for the first time – the court concludes that
23  this exceeds the scope of permissible amendment.  Therefore, these three individuals are not
proper defendants pursuant to the district judge's May 25, 2007, order.  Additionally, the fourth
24  amended complaint contains no allegations as against defendant Perry.  Therefore, the court
deems all claims against Perry to be abandoned.
25          The Clerk of the Court will be directed to update the docket to reflect that this
action proceeds as against defendants Cook, Ingwerson, Swartz, and Chettam only and to
26  terminate all other individuals as defendants.

1    based on race or religion.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (holding that

2    prisoners are protected from invidious discrimination based on race); Freeman v. Arpaio, 125

3    F.3d 732, 737 (9th Cir. 1997) (holding that prisoners are protected from intentional

4    discrimination on the basis of their religion).  Plaintiff has had ample opportunity to amend this

5    claim and further leave to amend will not be granted.  By separate findings and

6    recommendations, the court will recommend that plaintiff's equal protection claim be dismissed.

7    This action will proceed only on plaintiff's due process and Eighth Amendment claims.

8          Defendants Ingwerson, Perry, and Swartz have appeared in the action.  The court

9    will, therefore, direct the Clerk of the Court to serve them with a copy of the fourth amended

10    complaint and they will be required to file a response within 30 days.  As to defendants Cook and

11    Chettam – who have not yet been served with any version of plaintiff's complaint – the court will

12    require plaintiff to submit documents within 30 days for attempted service by the United States

13    Marshal.

14

15                  **III.  CONCLUSION**

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.      The Clerk of the Court is directed to update the docket to reflect that this

18    action shall only proceed as against defendants Ingwerson, Cook, Swartz, and Chettam, and to

19    terminate all other individuals as defendants;

20          2.      Service of the fourth amended complaint is appropriate;

21          3.      The Clerk of the Court shall serve upon counsel for the defendants

22    identified above who have appeared in this action – Ingwerson and Swartz – a copy of the fourth

23    amended complaint (Doc. 61);

24          4.      Defendants Ingwerson and Swartz shall file a response to the fourth

25    amended complaint within 30 days of the date of this order;

26    / / /

1     5.     The Clerk of the Court shall send plaintiff one USM-285 form for

2   defendant Cook, one USM-285 form for defendant Chettam, one summons, an instruction sheet,

3   and a copy of the fourth amended complaint (Doc. 61); and

4     6.     Within 30 days of the date of service of this order, plaintiff shall complete

5   the attached Notice of Submission of Documents and submit the following documents to the

6   court:

7           a.     The completed Notice of Submission of Documents;

8           b.     One completed summons;

9           c.     Two completed USM-285 forms – one for defendant Cook and one
                   for defendant Chettam; and

10          d.     Three copies of the endorsed fourth amended complaint.

13   DATED:  January 11, 2008

14                                                  _____
15                                                  CRAIG M. KELLISON
                                                    UNITED STATES MAGISTRATE JUDGE

7

1
2
3
4          **IN THE UNITED STATES DISTRICT COURT**
5          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
6
7    SHAWN HAWK,                              No. CIV S-04-0731-MCE-CMK-P
8              Plaintiff,
9         vs.
10   COOK, et al.,
11             Defendants.
12
13   _____/
14                    NOTICE OF SUBMISSION OF DOCUMENTS
15             Plaintiff hereby submits the following documents in compliance with the
16   court's order:
17        __1__        completed summons form;
18        _____        completed USM-285 form(s); and
19        _____        copies of the fourth amended complaint.
20
21   DATED: _____        _____
22                                      Plaintiff
23
24
25
26