1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  SHAWN HAWK,                              No. CIV S-04-0731-MCE-CMK-P
12         Plaintiff,
13      vs.                                  FINDINGS AND RECOMMENDATIONS
14  COOK, et al.,
15         Defendants.
16  _____/
17         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
18  to 42 U.S.C. § 1983. On January 14, 2008, the court issued an order determining that service of
19  this action on defendants Ingwerson, Swartz, Cook, and Chettam was appropriate. As to
20  defendants Ingwerson and Swartz, who have appeared in the action, the court directed that they
21  file a response to the fourth amended complaint.[1] As to defendants Cook and Chettam, who have
22  not previously been served with process, the court directed plaintiff to submit documents within
23  30 days for service on these defendants by the United States Marshal. To date, plaintiff has not
24  complied.
25  ──────────────
         [1] By separate order, the court will grant their motion for an extension of time to file
26  a response.

1

1    The court must weigh five factors before imposing the harsh sanction of
2 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14    Having considered these factors, and in light of plaintiff's failure to submit
15 service documents as directed, the court finds that dismissal of defendants Cook and Chettam is
16 appropriate.
17    Based on the foregoing, the undersigned recommends that this action be
18 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
19 orders.
20    These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
22 after being served with these findings and recommendations, any party may file written
23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24 / / /
25 / / /
26 / / /

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE