IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HAWK, | No. CIV S-04-0731-MCE-CMK-P |
| Plaintiff, | |
| vs. | <u>AMENDED FINDINGS AND RECOMMENDATIONS</u> |
| COOK, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On January 14, 2008, the court issued an order determining that service of this action on defendants Ingwerson, Swartz, Cook, and Chettam was appropriate.  As to defendants Ingwerson and Swartz, who have appeared in the action, the court directed that the file a response to the fourth amended complaint.[1]  As to defendants Cook and Chettam, who have not previously been served with process, the court directed plaintiff to submit documents within 30 days for service on these defendants by the United States Marshal.  To date, plaintiff has not complied.

---

[1] By separate order, the court has granted their motion for an extension of time to file a response.

1

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to submit service documents as directed, the court finds that dismissal of defendants Cook and Chettam for lack of prosecution is appropriate.

These amended findings and recommendations supercede and amend findings and recommendations issued on February 29, 2008,[2] and are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive

/ / /

/ / /

---

[2] The February 29, 2008, findings and recommendations erroneously recommended dismissal of the entire action and are hereby vacated.

the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 DATED: March 5, 2008

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE